IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JIHAD SHAHEED UHURU,
Plaintiff,

v.                                                            Civil No. 3:22cv160 (DJN)

RANDY GARDNER, *et al.*,
Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. By Memorandum Order entered on May 26, 2022, the Court conditionally docketed Plaintiff's action. At that time, the Court informed Plaintiff that he must keep the Court advised of his current address. By Memorandum Order entered on March 27, 2023, the Court directed Plaintiff to file a particularized complaint. On April 4, 2023, the United States Postal Service returned the March 27, 2023 Memorandum Order to the Court marked, "RETURN TO SENDER" and Undeliverable/No Longer Here. (ECF No. 16, at 1.) By Memorandum Opinion and Order entered on April 17, 2023, the Court dismissed the action without prejudice, because Plaintiff's failure to contact the Court and provide a current address indicated his lack of interest in litigating this action. *See* Fed. R. Civ. P. 41(b).

On April 27, 2023, the Court received a notice of change of address from Plaintiff. Plaintiff indicated that he mistakenly sent his notice of change of address to the United States Court of Appeals for the Fourth Circuit and then the institution held his mail for seventeen days. (ECF No. 21, at 1.) Therefore, it appeared that Plaintiff attempted to update his address with the Court and that the action should be reopened. Accordingly, by Memorandum Order entered on

May 4, 2023, the Court ordered that the April 17, 2023 Memorandum Opinion, Order and Clerk's Judgment be vacated, the action be reopened, and the Court continued to process the action.

By Memorandum Order entered on May 4, 2023, the Court once again directed Plaintiff to file a particularized complaint. The Court warned Plaintiff that he had thirty (30) days from the date of entry thereof to comply with the Court's directives or the action would be dismissed without prejudice. (ECF No. 23.) Instead of filing a particularized complaint, Plaintiff filed a Motion to Appeal that was construed as a notice of appeal and forwarded to the Fourth Circuit. (ECF No. 24.) The Court waited two and a half months after the entry of May 4, 2023 Memorandum Order, and Plaintiff failed to file a particularized complaint or otherwise respond to the May 4, 2023 Memorandum Order. Accordingly, by Memorandum Opinion and Order entered on July 17, 2023 the Court dismissed the action without prejudice. (ECF Nos. 26, 27.) On July 24, 2023, the United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal. (ECF No. 29.)

On August 14, 2023, the Court received a letter from Plaintiff indicating that he had experienced problems with the mail at his institution and that he did at some point file a "motion" addressing the requirement to file a particularized complaint. (ECF No. 31, at 1–2.) Because Plaintiff's motion was received within twenty-eight days after the entry of the July 17, 2023 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff fails to identify under which section he seeks relief. However, it appears that he wishes to reopen the action to prevent a clear error of law or prevent manifest injustice. Although the Court understands that Plaintiff may be experiencing mail delays or other problems with the mail, significantly, Plaintiff, has still not filed a particularized complaint with this Court. Plaintiff indicates that he received the July 17, 2023 Memorandum Opinion and Order which clearly notified him that his case was dismissed for that reason but that he remedied the problem by filing a particularized complaint with his letter. (ECF No. 31, at 1.) Plaintiff therefore fails to demonstrate that the Court made a clear error of law or that reinstatement of his case is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 31) will be DENIED.

If Plaintiff wishes to proceed with his complaint, he should promptly file a particularized complaint that complies with the directions in the May 4, 2023 Memorandum Order.[1] If Plaintiff files such a particularized complaint, the Court will open it as a new civil action.

The Clerk is DIRECTED to mail a copy of the May 4, 2023 Memorandum Order to Plaintiff.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 5, 2023

---

[1] Plaintiff indicates that at some point, he filed a "motion" that "was addressing what the [Court] stated when he said to file a 'particularized complaint.'" (ECF No. 31, at 2.) A motion will not meet the requirements of a particularized complaint. A particularized complaint must strictly follow the directions provided by the Court.

4